**Affirmed and Memorandum Opinion filed August 7, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00266-CR

**JEREMY A. GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 5
Harris County, Texas
Trial Court Cause No. 2081056**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jeremy A. Garcia of assault. *See* Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2017). The trial court assessed his punishment at one year in jail, probated for one year. In a single issue, appellant claims the evidence is legally insufficient to support his conviction because there is no evidence that he committed the charged offense intentionally or knowingly. We affirm.

BACKGROUND

In the early-morning hours of March 20, 2016, the complainant, called 911 and told the dispatcher that appellant, her ex-boyfriend and the father of her children, "just punched me in the face." Officer Brett Fimbinger responded to the call and arrived at appellant's parents' house several minutes later. After speaking with appellant and complainant, Officer Fimbinger arrested appellant. Appellant was charged with assault and proceeded to trial.

According to Officer Fimbinger's testimony at appellant's trial, he spoke to complainant when he arrived at appellant's parents' house; complainant told Officer Fimbinger that she and appellant "had gotten into an altercation that night. She indicated that the altercation turned physical, and [that] [appellant] had actually punched her." Officer Fimbinger testified that complainant said "she was hit in the face" and indicated that "she felt pain." Officer Fimbinger stated that complainant was "crying" and "appeared to be afraid." When asked whether complainant had any visible injuries, Officer Fimbinger testified that her "right cheek was pink and irritated; and there was a small mark under her eye."

Photographs of complainant were taken at the scene and admitted into evidence at trial. When asked to describe the photographs, Officer Fimbinger testified"[t]hat's the injury under her right eye where you see it's pink and beginning to bruise; the skin appeared irritated."

After speaking with complainant, Officer Fimbinger walked through the house and located appellant upstairs asleep with one of his and complainant's children. Officer Fimbinger testified that appellant "stated that [he and complainant] were arguing" and told Officer Fimbinger that complainant "was calling [him] names." According to Officer Fimbinger's testimony, appellant "admitted that he did make contact with [complainant]," and "stated he never caused her any pain."

Appellant stated that "the reason he did that was that he extended his arms towards [complainant] to keep her away from him." Appellant told Officer Fimbinger, "[I]f you want to take me to jail for that, then take me."

Appellant's mother, Minerva Garcia, also testified at trial; she and appellant's father were at the house when Officer Fimbinger responded to complainant's call. According to Garcia's testimony, on the day of the incident complainant called her at approximately 12:40 a.m. and told her "she was going to call the police on [appellant]." Garcia stated she "immediately went upstairs" after receiving complainant's phone call and did not "notice any injuries" on complainant's face.

Garcia also testified about complainant's "skin condition." Viewing photographs of complainant taken approximately six months after the incident, Garcia testified that complainant "gets kind of red and this kind of reaction on her skin."

After the parties rested, the jury returned a verdict finding appellant guilty of assault. The trial court assessed punishment of one year in jail, probated for one year. Appellant timely appealed.

## ANALYSIS

Appellant asserts that the evidence is legally insufficient to support his assault conviction because there is no evidence that he committed the offense intentionally or knowingly.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We consider all evidence presented at trial, but do not reevaluate the weight

and credibility of the evidence or substitute our judgment for that of the jury. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of witnesses and the weight given to their testimony. *See Westbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

A person commits assault if he intentionally or knowingly causes bodily injury to another person. Tex. Penal Code Ann. § 22.01(a). A person acts intentionally when it is his conscious objective or desire to cause the result. *Id.* § 6.03(a) (Vernon 2011). A person acts knowingly, or with knowledge, when he is aware that the conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

Intent may be inferred from circumstantial evidence "such as the appellant's acts, words, and conduct." *Darkins v. State*, 430 S.W.3d 559, 565 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). With respect to assault, "[i]ntent can be inferred from the extent of the injuries to the victim, the method used to produce the injuries, and the relative size and strength of the parties." *Herrera v. State*, 367 S.W.3d 762, 771 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Here, legally sufficient evidence supports the jury's conclusion that appellant intentionally or knowingly caused bodily injury to complainant.

The jury heard complainant's 911 call made the night of the incident in which complainant stated that "my kids' father just punched me in the face." According to Officer Fimbinger's testimony, complainant was "crying" and "appeared to be afraid" when he responded to appellant's parents' house. Complainant told Officer Fimbinger that appellant had "punched her" and that "she felt pain." Describing photographs admitted into evidence, Officer Fimbinger testified that complainant had visible injuries consistent with the described assault. This evidence is probative of appellant's intent to intentionally or knowingly assault complainant. *See Dunn v. State*, No. 05-10-00196-CR, 2011 WL 227715, at *3 (Tex. App.—Dallas Jan. 26,

4

2011, pet. ref'd) (mem. op., not designated for publication) (photographs of victim's injury probative of the defendant's intent); *Philip v. State*, No. 14-08-01059-CR, 2010 WL 183524, at *3 (Tex. App.—Houston [14th Dist.] Jan. 21, 2010, no pet.) (mem. op., not designated for publication) (nature of complainant's injuries and complainant's statements at time of incident probative of the defendant's intent).

Moreover, appellant told Officer Fimbinger that he and complainant "were arguing" and "admitted that he did make contact with [complainant]." Appellant told Officer Fimbinger "that if you want to take me to jail for that, then take me." This evidence supports an inference that appellant intentionally or knowingly committed the charged offense. *See Dunn*, 2011 WL 227715, at *3 (at the time of the incident, the defendant "placed his arms behind his back to facilitate being handcuffed"); *Philip*, 2010 WL 183524, at *3 (the defendant's statements to officer at time of incident relevant to show intent).

Appellant asserts that he "made contact with [complainant] as he extended his arms to keep her away from him" and "never caused [complainant] any pain." Garcia testified that, the night of the incident, she did not "notice any injuries" on complainant's face. Garcia also stated that complainant had a "skin condition" that caused her face to get red. The jury, in its role as the sole judge of the credibility of witnesses and the weight given to their testimony, was "free to accept or reject any or all of the evidence presented by any witness." *See Philip*, 2010 WL 183524, at *3 (citing *Westbrook*, 29 S.W.3d at 111). Considering all evidence presented at trial, a jury reasonably could infer that appellant knowingly or intentionally assaulted complainant.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that appellant intentionally or knowingly committed the charged offense. We overrule appellant's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


/s/     William J. Boyce
          Justice


Panel consists of Justices Boyce, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).